Maria D. Noto, Esq.
Law Office of Maria D. Noto, P.C.
746 Highway 34, Suite 8
Matawan, New Jersey, 07747
Attorney for Plaintiff, Eric Rieser
Attorney ID: 029831980

| | |
|---|---|
| **Eric Rieser,** | : **UNITED STATES DISTRICT COURT** |
| | : **DISTRICT OF NEW JERSEY** |
| Plaintiff, | : |
| | : |
| v. | : **DOCKET NO.:** |
| | : |
| **Matthew Cladek**, individually and | : **CIVIL ACTION** |
| as an agent of the Toms River | : |
| Police Department; **D. Korpon**, | : |
| individually and as an agent of | : |
| the Toms River Police Department; | : **COMPLAINT AND JURY DEMAND** |
| and **Toms River Police Department** | : |
| **Officers A to Z,** | : |
| | : |
| Defendants. | : |

Plaintiff, **ERIC RIESER**, residing at 2283 Kira Court, Toms River, New Jersey, through his attorney, the Law Office of Maria D. Noto, P.C., by way of this Complaint herein says:

## JURISDICTION

1.    This action is brought pursuant to 28 U.S.C. §1331. 42 U.S.C. § 1983, § 1988, § 1985, § 1986 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.    The amount in controversy exceeds $75,000, excluding interest and costs.

1

**VENUE**

1.    Venue is laid within the United States District Court for the District of New Jersey in that Defendant Toms River Police Officers are located within the State of New Jersey.

2.    Plaintiff, Eric Rieser resides in the State of New Jersey and all events giving rise to the claims occurred within the boundaries of the District of New Jersey.

**PARTIES**

1.    Plaintiff, Eric Rieser, is currently a resident of the Township of Toms River, New Jersey. At the time of the incident which is the subject of this litigation, he was a resident of Toms River, New Jersey.

2.    At all times relevant to this Complaint, Defendants include, Matthew Cladek, who was employed and acting individually and also in the course of his employment as a Toms River Police Officer; Patrolman D. Korpon, who was employed and acting in the course of his employment as a Toms River Police Officer; and Toms River Police Officers A to Z who were employed and acting in the course of their employment as Toms River Police Officers.

3.    At all times relevant to this Complaint, Defendants include Toms River Police Officers A to Z, whose identities are unknown at this time but may become known during the course of this lawsuit.

2

4.    At all times relevant to this Complaint, the above-named defendants are sued individually and in their official capacities.

## FACTS

1.    On or about, May 20, 2023, Eric Scott Rieser, 59 years old, with no criminal history, was employed with Skanska and had worked until approximately 3:30 p.m. that day building a bridge in Kearny, New Jersey and had arrived home at approximately 4:30 p.m.

2.    Eric Rieser resided at 2283 Kira Court, Toms River, New Jersey with his 92 year old father, Charles Rieser and his fiancée, Kim Lovell.

3.    Eric Rieser arrived home from work at approximately 3:30 p.m., showered, changed his clothes and sat on the couch to watch television.

4.    Shortly thereafter, a Toms River Police Officer, Matthew Cladek, came to the home where Eric Rieser, his father and his fiancée, Kim Lovell lived.  Eric Rieser's father, Charles Rieser, opened the door and Toms River Police Officer Cladek said he wanted to speak to Eric Rieser and then, without an arrest warrant or a search warrant, walked right past Charles Rieser and without asking permission, in a rude and arrogant manner, proceeded to walk past the living room, walk down the hall towards the rec room, with his hand on his gun.

3

5. At approximately 4:15 p.m., Eric Rieser heard his father, Charles Rieser, calling him and got up to go into the living room to see what his father wanted.

6. When he walked into the living room, Toms River Police Officer Matthew Cladek was standing there and advised Eric Rieser that a State Trooper had contacted the Toms River Police Department and told Mr. Rieser that he was seen operating a white van bearing NJ registration V34RBP at a gas station in Bass River that day and that a child had exited the vehicle and screamed for help.

7. According to Cladek, New Jersey State Police Trooper Ryder requested that the Toms River Police Department respond to the home of Eric Rieser to attempt to make contact with the child.

8. Eric Rieser willingly spoke to Toms River Police Officer Cladek and told Cladek that he had worked that day at his job site in Kearny, New Jersey for Skanksa building a bridge. Eric Rieser walked outside and showed Cladek his work truck outside the house.

9. At one point, Cladek told Eric Rieser that he was not in trouble and that the vehicle that New Jersey State Trooper Ryder called about was not outside of Eric Rieser's home. Despite saying that, and without any attempt to investigate Eric Rieser's statement that he was at work in Kearny, continued to accuse Eric Rieser of being at Bass River.

10. Eric Rieser, who had his phone in one hand and was attempting to call his boss, turned to walk back into his home when

4

Toms River Police Officer Cladek, who was much heavier and much younger than Eric Rieser, grabbed Eric Rieser's arm and body with great force, spun him around and them threw him to the ground and forcefully placed his body down on top of Eric Rieser who, under the weight of Cladek's body, was having difficulty breathing, gasping for air and repeatedly told Cladek he could not breathe while Eric Rieser's 92 year old father attempted to put his hand between Eric Rieser and Cladek in order to help his son breathe.

11.     In addition to crushing Eric Rieser's chest with his body causing depletion of the air in Eric Rieser's lungs, Eric Rieser's hand and wrist were being forced into the concrete walkway by Cladek causing them to bleed while Eric Rieser screamed, "get off my chest. I can't breathe.  You're cutting my hand.

12.     Despite Eric Rieser's statements that he could not breathe, Toms River Police Officer Cladek remained on top of Eric Rieser for several minutes until Toms River Police Officer D. Korpon #458 arrived and assisted Cladek in holding Eric Rieser on to the ground and then handcuffing him and arresting him.

13.     Eric Rieser was the only person injured during this incident and it was a result of what Cladek described, in his incident report, as the utilization of a "body fold technique to take Eric to the ground" and a "compliance hold."  In his report Cladek admitted that he himself was not injured.

5

14.    Toms River Police Officer Matthew Cladek also, on May 20, 2023, falsely arrested and filed the following false criminal charge against Eric Rieser, in Complaint No. 1507-S-2023-681 which falsely accused Eric Rieser who had previously never in his life been arrested of obstruction in violation of N.J.S. 2C:29-1A, a disorderly person's offense, and resisting arrest in violation of N.J.S. 2C:29-2A(3)(A), a third-degree crime.  These charges were, on May 25, 2023, downgraded by the Ocean County Prosecutor to a disorderly person's offense of resisting arrest in violation of N.J.S. 2C:29-2A(1).

15.    As a result of the arrest of Eric Rieser by Toms River Police Officer Cladek, Eric Rieser was paraded, in handcuffs, with visible injuries past his neighbors, placed into a police vehicle and taken to Toms River Police Department headquarters where he was fingerprinted and photographed (mug shot), placed in a cell and detained.

16.    Eric Rieser requested that his wound be cleaned and was told that all that the Toms River Police Department EMS could do was wrap the injuries but could not use anything including alcohol to clean the wounds and that, if Eric Rieser wanted to have his injuries cleaned he would have to go to the hospital.  Eric Rieser, therefore, requested that he be brought to the hospital to have his wounds cleaned and was brought to Community Medical Center where his wounds were treated and then he was brought back to Toms River Police Department and detained for several hours until his release.

6

17.    As a result of the assault and "take down" of Eric Rieser by Toms River Police Officer Cladek, plaintiff Eric Rieser suffered severe physical and emotional injuries, including injuries to his head, neck, back, chest, lungs, hands, wrists, along with multiple abrasions and contusions and severe emotional distress, injury to his reputation, and continued post-traumatic stress disorder.

## CAUSES OF ACTION

### FIRST COUNT

### Use of Excessive Force in Violation of he Fourth Amendment Contrary to 42 U.S.C. § 1983

1.    Plaintiff, Eric Rieser repeats each and every allegation contained above as if set forth at length herein.

2.    Defendant, Toms River Police Officer Matthew Cladek, who was employed and acting in the course of his employment as and acting in the course of his employment as a Toms River Police Officer, and Toms River Police Department Officers A to Z, conspired with each other, to bring false charges against Eric Rieser in order to cover up the fact that they had subjected him to excessive force and falsely arrested him.

3.    The actions of the defendants were in direct violation of 42 U.S.C. Section 1983 and 1985, depriving Eric Rieser of his civil rights secured to him by the Constitution of the United States under the provisions of the Fourth, Fifth, and Fourteenth Amendments.

7

4.      As a result of the foregoing deprivations, Eric Rieser has been permanently injured, damaged, or otherwise harmed unlawfully – including physical injury and damage to his reputation (libel) and has suffered severe emotional distress and anxiety and will continue to suffer severe emotional distress, anxiety, mental anguish, psychological damages, and pecuniary damages, pain and suffering, and attorney fees.

WHEREFORE, plaintiff, Eric Rieser, demands judgment against defendant, Matthew Cladek, for compensatory damages including severe physical and emotional distress and mental anguish, punitive damages, together with interest, attorney's fees, costs of suit and such other relief as the Court deems just and appropriate.

## SECOND COUNT

**Filing of False Criminal Charges in Violation of 42 U.S.C. § 1983 and 1985 and the Fourth, Fifth, and Fourteenth Amendments**

1.      Plaintiff, Eric Rieser repeats each and every allegation contained above as if set forth at length herein.

2.      Defendant, Matthew Cladek, who was employed and acting in the course of his employment as a Toms River Police Officer, individually and in conspiracy with Toms River Police Department Officers A to Z who were employed and acting in the course of their employment as Toms River Police Officers, individually and as a

8

group, conspired with one another, under the color of state law, to deprive Eric Rieser of his constitutional rights by:

   a.   Illegally seizing, arresting, and detaining plaintiff and illegally searching Plaintiff's person, home and motorhome;

   b.   Using excessive force;

   c.   Depriving Plaintiff of his right to due process.

3.    As a direct and proximate result of the violation of plaintiff's constitutional right to be free from false arrest by the defendants, plaintiff suffered severe physical injury and emotional anxiety, mental anguish, psychological damages, and attorney fees, and is entitled to relief under U.S.C. Section 1983.

WHEREFORE, plaintiff, Eric Rieser, demands judgment against Toms River Police Officer Matthew Cladek, individually and as a Toms River Police Officer and Toms River Police Department Officers A to Z, for compensatory damages including physical and severe emotional distress and mental anguish, punitive damages, together with interest, attorney's fees, costs of suit and such other relief as the Court deems just and appropriate.

## THIRD COUNT

**False Imprisonment, False Charges and Malicious Prosecution in Violation of 42 U.S.C. §1986, §1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution**

1.      Plaintiff, Eric Rieser repeats each and every allegation contained above as if set forth at length herein.

2.      Defendant, Toms River Police Officer Matthew Cladek, who was employed and acting individually and in the course of his employment as a Toms River Police Officer, falsely imprisoned Eric Rieser when he denied his right to go into his own home, by arresting him and falsely accusing him of Obstructing Administration of Law, 2C:29-1A, and Resisting Arrest 2C:29-2A(3)(A), in violation of plaintiff's civil rights under the U.S. Constitution (42 U.S.C. 1983 et seq) and the New Jersey Constitution Article I, Section 5. The original charge of Obstruction by Cladek was dismissed and the original charge of third-degree Resisting Arrest by Officer Cladek was downgraded to a disorderly person's offense of resisting arrest by Ocean County Prosecutor Bradley D. Billhimer.

WHEREFORE, plaintiff, Eric Rieser, demands judgment against defendant Matthew Cladek, who was employed and acting in the course of his employment as a Toms River Police Officer, and individually, for compensatory damages for severe physical and emotional distress and mental anguish, including post-traumatic stress disorder,

punitive damages, attorney's fees, costs of suit and such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Eric Rieser hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Maria D. Noto, Esq. is hereby designated as trial counsel for the plaintiff.

By:   /s/ Maria D. Noto
      MARIA D. NOTO, ESQ.
      Law Office of Maria D. Noto, P.C.
      Attorney for Plaintiff Eric Rieser

Dated:    May 16, 2024

11